OF

## THE STATE OF NEW JERSEY.

## 1917-1918.

EDWIN ROBERT WALKER, ORDINARY.

FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN
GRIFFIN, JOHN E. FOSTER AND MERRITT
LANE, VICE-ORDINARIES.

In the matter of the appeal from the orphans court of the
county of Union, appointing ROBERT H. MCADAMS guar-
dian of Catherine Morrisey, a lunatic.

[Decided February 15th, 1918.]

1. It is not practicing law to consult with an attorney in court on the
trial of an issue, and give him information which presumably aided in the
proper development of the petitioner's case.

2. The clerk in chancery, by consulting with counsel conducting pro-
ceedings under a commission in the nature of a writ of *de lunatico in-
quirendo* issued out of the court of chancery, giving him information
which aided in a proper development of the petitioner's case, did not
thereby practice either as a solicitor or as counselor in this court.

159

3. Taking testimony in this court on appeal is discretionary with the ordinary, and was not called for in this case.

4. The statute of New Jersey (*2 Comp. Stat. p. 2781 § 1*) provides that the orphans court shall appoint a "fit and discreet" person as guardian for one found a lunatic by inquisition from the court of chancery, and these are the only qualifications required.

On appeal from the Union county orphans court.    On final hearing.

*Mr. Herbert C. Gilson,* for the appellants.

*Mr. William D. WolfsKeil,* for the respondents.

WALKER, ORDINARY.

This is an appeal from an order of the Union county orphans court appointing Robert H. McAdams, Esquire, guardian of Catherine Morrisey, a lunatic.

Catherine Morrisey having been adjudged a lunatic under a commission in the nature of a writ *de lunatico inquirendo* issued out of the court of chancery, a transcript of the proceedings in that court was duly filed in the Union county orphans court, which court, by order, duly appointed Robert H. McAdams, Esquire, who is the present clerk in chancery, guardian of the lunatic. There was a contest over the guardianship in the orphans court between relatives of the lunatic. Certain of them filed a petition praying for the appointment of a guardian other than Mr. McAdams, upon grounds set forth in the petition. The salient ones being that Mr. McAdams had been attorney for the lunatic for a number of years, and had been active in keeping the petitioners away from her and keeping them ignor-ant as to her mental condition, and, also because, on the hearing under the commission, Mr. McAdams appeared with Mr. Wolfs-Keil and consulted and conferred with him during the progress of the proceedings; and they invoke rule 35 of the court of chancery, which provides that the clerk of the court shall not practice either as a solicitor or as a counselor in the court, as a reason why Mr. McAdams' appointment should be reversed.

*89 N. J. Eq.*     In re McAdams.

Whether practicing in the court of chancery as solicitor or counsel by the clerk in chancery in a lunacy proceeding, would disqualify the clerk afterwards from being appointed guardian of the lunatic by the orphans court, it is not necessary to decide, because what was done by Mr. McAdams in this case was not practicing in the court. Mr. McAdams had been counsel for the subject of the inquisition. He did not file the petition for the commission nor address the commissioners nor examine witnesses upon the taking of the inquisition. This was admitted by counsel for appellants. What he did he had a right to do, and properly did, namely, to consult with counsel who was conducting the proceedings and give him information which he possessed, and which presumably aided in the proper development of the petitioner's case.

Counsel for the relatives who objected to the appointment of Mr. McAdams asked leave to take depositions in this court to show that Mr. McAdams was active at the counsel table at the hearing before the commissioners and jury. This I denied, not only because the matter of taking testimony in this court on appeal is discretionary with the ordinary, but also because counsel admitted, as above stated, that Mr. McAdams had not addressed the commission or the jury or examined any witnesses, and, of course, the record discloses that he was not the solicitor of the petitioners. As I remarked before, the only thing he did was what anyone possessed of facts bearing upon the case was privileged to do, namely, assist counsel in developing the case.

The appellants placed reliance on the case of *Read v. Drake, 2 N. J. Eq. 78.* It was there decided that under the act of 1820 (*Rev. 1820 p. 784*) the mother or next of kin were given a preference and were entitled, if they desired it, to the appointment of guardian of minors under fourteen years of age, and could not be passed by except upon some satisfactory objection made and sustained before the court. That case has no application to the one at bar. That involved the appointment of a statutory guardian for an infant. This case involves the appointment of a statutory guardian for an insane person. The pro-

11

vision which here governs is to be found in the act concerning idiots and lunatics (*Comp. Stat. p. 2781 § 1*), which provides that in case of lunacy found the chancellor shall cause to be transmitted to the orphans court of the county of the lunatic's residence, a certified copy of the proceedings, and the orphans court is directed and required, on application for that purpose, to appoint some *fit and discreet* person guardian of such lunatic. It will be observed at a glance that the only qualification here required is the appointment of a *fit* and *discreet* person. That Mr. McAdams is fit to be appointed guardian of a lunatic is perfectly clear, and that he is a discreet person I think is equally apparent. That he possessed the qualifications of fitness and discretion was decided by the orphans court, and there is nothing in the record which suggests any reason why the discretion exercised by the orphans court in making the appointment should be overturned. I am of opinion that the order appealed from should be affirmed, and that will be the order.